UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-CV-24436-SEITZ/SIMONTON

MYRNA FERIA,

    Plaintiff,

vs.

SUNTRUST BANKS, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION TO REMAND

THIS MATTER comes before the Court on Plaintiff's Motion to Remand [DE-5]. This action was filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Defendant removed the action to this Court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332 and pursuant to the Federal Removal Statute, 28 U.S.C. § 1441. Plaintiff's Complaint alleges Defendant violated the Florida Civil Rights Act of 1992 by unlawfully terminating her due to age discrimination, despite never having reprimanded her for her work performance. Plaintiff seeks remand because the amount in controversy requirement has not been met due to her mitigation efforts in finding alternate employment. Because Defendant has established the amount in controversy meets the jurisdictional requirement based on back pay and fringe benefits, and because Plaintiff's mitigation efforts cannot be considered at this stage, Plaintiff's Motion to Remand is denied.

1

## I. Background

Defendant, Suntrust Banks, Inc. ("Suntrust") is a banking corporation that is authorized to do business in Florida. Plaintiff, Myrna Feria was employed by Suntrust for approximately five years until she was terminated on August 31, 2009, at the age of sixty-two. Plaintiff alleges she was told her position was being eliminated, but younger workers continued to perform her job duties, and Defendant engages in the practice of terminating older workers. She seeks recovery of lost back pay and benefits, compensatory damages, punitive damages, and reasonable attorney's fees.

Asserting diversity jurisdiction, Defendant removed this action from state court. As evidence that the requisite amount in controversy is met, Defendant submits an affidavit of its Vice-President of Corporate Benefits, James Pisano, which calculates the amount of back pay and fringe benefits Plaintiff seeks to recover as of the date of removal. [DE-1, Ex. 3]. These figures amount to approximately $66,200 in back pay and $16,400 in fringe benefits, which together exceed the $75,000 jurisdictional requirement. [*Id.*]. Plaintiff seeks to remand the action because Defendant has not definitively established that the amount in controversy exceeds $75,000. Plaintiff submits an affidavit and her W-2 to show that she has earned $24,831 through alternate employment, which she argues should be deducted from the total amount of back pay and fringe benefits she seeks to recover. This deduction would reduce the amount in controversy to less than $75,000.

## II. Discussion

Where a complaint satisfies federal jurisdictional requirements, the Defendant may remove the matter to federal court. 28 U.S.C. § 1446(b). A district court has jurisdiction over a

civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). Neither party disputes that the parties are citizens of different states or that the burden is on the Defendant to establish that the jurisdictional requirements have been met by a preponderance of the evidence. *See Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Thus, the issue is whether the Defendant has met the $75,000 amount in controversy requirement by a preponderance of the evidence to satisfy diversity jurisdiction.

The Eleventh Circuit authorizes a court to make reasonable deductions and inferences "when a removing defendant makes specific factual allegations establishing jurisdiction" that it can support with evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). When the jurisdictional amount is not facially apparent from the complaint, "[d]efendants may admit their own affidavits, declarations, or other documentation" to establish that removal is proper. *Id.* at 755. Additionally, the Eleventh Circuit has made clear that "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Id.* at 751.

### A. Back Pay and Fringe Benefits

In this case, the amount in controversy is not facially apparent from the complaint, because Plaintiff simply alleges damages in excess of $15,000, exclusive of costs, interest, attorney's fees, and seeks punitive and compensatory damages. Defendant's Pisano affidavit states that Plaintiff's weekly salary was approximately $560.90 while she was employed with Suntrust. Thus, the total amount of back pay from the date of termination, September 1, 2009,

until the date of removal, December 9, 2011, would equal $66,242.79.[1] Mr. Pisano also states that Plaintiff's lost fringe benefits are approximately $16,400 for the same time period.[2] Adding the figures for Plaintiff's back pay and fringe benefits, she seeks, at a minimum, $82,642.79. Thus, the $75,000 amount in controversy jurisdictional requirement is satisfied.

### B. Mitigation Efforts

Plaintiff, however, argues that her mitigation efforts should be taken into account because she has earned income from new employment that reduces her claim for back pay and fringe benefits. According to her affidavit, from the date of termination through the date of removal, Plaintiff has earned a salary of $24,831. [DE-5, Ex. 1]. She argues that if this amount is deducted from the $82,642.79, it would reduce the amount of back pay and fringe benefits she could recover to approximately $58,192, which is less than the requisite amount in controversy.

As both parties acknowledge, there is a split in this district as to whether a Plaintiff's mitigation efforts should be considered at the jurisdictional phase. *Compare Taylor v. Air Atlanta Icelandic*, No. 11-60289-CIV, 2011 WL 1131086, at *2 (S.D. Fla. Mar. 25, 2011) (finding that defendant met the amount in controversy jurisdictional requirement and stating that any set-off is irrelevant at the jurisdictional stage); *Messina v. Chanel, Inc.*, No. 10-24518-CIV, 2011 WL 2610521, at *3 (S.D. Fla. July 1, 2011) (same, denying motion for remand); and *Black v. State Farm Mut. Auto. Ins. Co.*, No. 10-80996-CIV, 2010 WL 4340281, at *2 (S.D. Fla. Oct.

---

[1] The Court determined this figure by multiplying Plaintiff's annual salary of $29,167.05 by two to represent the period from September 1, 2009, to August 31, 2011, for a total of $58,334.10 in back pay. Then, the Court multiplied the 14.1 week period (from September 1, 2011, to December 9, 2011) by Plaintiff's approximate weekly salary of $560.90 for a total of $7,908.69 in back pay during this period. The two figures were then added together to determine the total amount of back pay sought for that period of time.

[2] Defendant calculated Plaintiff's lost fringe benefits by estimating the following benefits it paid: $3,500 in Pension, $12,200 in Medical, $400 in Long-term Disability, and $300 in Life Insurance.

22, 2010) (same) *with Barnes v. JetBlue Airways Corp.*, No. 07-60441-CIV, 2007 WL 1362504, at *2 (S.D. Fla. May 7, 2007) (denying remand after considering mitigation in determining whether the amount in controversy was met); *and Destel v. McRoberts Protective Agency, Inc.*, No. 03-62067-CIV, 2004 WL 746293, at *2, *4 (S.D. Fla. Feb. 17, 2004) (granting remand after determining that the amount in controversy had not been satisfied because defendant failed to take into account its own affirmative defense of mitigation). However, the recent trend in this district has been to not consider mitigation or any set-off at the jurisdictional phase in determining whether the amount in controversy is met. The Court agrees with the reasoning of the cases that denied remand because the amount in controversy is determined at the time of removal, not later.

Mitigation is a defense that should not be considered at the jurisdictional phase because affirmative defenses, including mitigation, must be plead and proven by the Defendant. *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1332 n. 9 (11th Cir. 2006) (courts cannot look past the complaint to a defense that has not yet been established to determine whether the amount in controversy is met). Here, Defendant has plead mitigation as an affirmative defense [DE-4 at 4], but mitigation still needs to be proven before it can be considered to set-off the total amount of back pay and fringe benefits Plaintiff can recover. Thus, Plaintiff's mitigation efforts do not affect the amount in controversy.

Additionally, Plaintiff's argument that because she is offering mitigation evidence, it must be considered rather than treating mitigation as a defense is unavailing. Neither of two cases Plaintiff cites to support this argument do so. While both *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000), and *Pretka*, 608 F.3d at 772, stand for the proposition

5

that post-removal evidence can be considered in determining whether the amount in controversy is met, neither case states that Plaintiff's mitigation efforts must or even can be considered at this stage. Further, in *Sierminski*, 216 F.3d at 949, the Eleventh Circuit affirmed the denial of remand, in part, based on the facts that the plaintiff failed to provide evidence to contradict defendant's damages calculations and did not deny that damages exceeded the jurisdictional requirement. Here, Plaintiff does not contest Defendant's calculation of the amount of back pay and fringe benefits which she seeks to recover; she simply argues that Defendant erred in not considering her mitigation efforts. [DE-5 at ¶ 3]. It is also telling that Plaintiff fails to stipulate that the total amount of damages she seeks to recover are less than $75,000. The only thing Plaintiff stipulates to, in a footnote, is the amount of back pay she can recover if mitigation is taken into account. [DE-13 n. 1]. Thus, this purported stipulation does not affect the amount Plaintiff seeks to recover or the amount in controversy.

For the reasons discussed above, the Court will deny the Motion to Remand. The Court does not need to reach the merits of the remaining arguments about attorney's fees, compensatory damages, or punitive damages. Therefore, it is hereby

ORDERED that Plaintiff's Motion to Remand [DE-5] is DENIED.

DONE AND ORDERED in Miami-Dade County, this 23rd day of March, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable Andrea M. Simonton
All Counsel of Record

6